UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 07-20531
                                                    Honorable Thomas L. Ludington

v.

D-2 DEMETRESS LASHAWN BRYANT,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION
OF SENTENCE AND REQUEST FOR COUNSEL**

Demetress Bryant is currently serving a 240-month sentence for distributing crack cocaine. On November 11, 2011, Bryant filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act. Based on what follows, Bryant's motion will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in

powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010. *Id.* at 2329.

The Sixth Circuit originally concluded that the FSA did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the proper guidelines to consider when sentencing a defendant are those in effect at the time of sentencing, not those in effect when the underlying crime was committed.

**II**

On July 21, 2008, Bryant pleaded guilty to delivering 79 grams of cocaine base. Def.'s Mot. 1, ECF No. 282; Rule 11 Agreement 1, ECF No. 139. A presentence report calculated Bryant's offense level as 31 and his criminal history as category V. Bryant's resulting guidelines range of imprisonment was 168 to 210 months. The presentence report also noted, however, that because Bryant had a prior conviction, a mandatory minimum of 240 months applied. On November 19, 2008, the Court sentenced Bryant to the lowest possible sentence—240 months' imprisonment. *See* J. 2, ECF No. 188.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Bryant. On November 21, 2011, Bryant filed a motion for retroactive application of the FSA. But the Sixth Circuit's recent en banc decision in *United States v. Blewett*, --- F.3d ----, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) forecloses the possibility of relief. There, the en banc panel established that the FSA "does not apply to defendants sentenced before its effective date." *Id.* at *8. So because Bryant

was sentenced before the FSA took effect in August 3, 2010, the Act's reduced mandatory minimums do not apply.

On February 13, 2012, Bryant also filed a letter on the docket requesting the appointment of counsel in this case. *See* Letter Request, ECF No. 291. Bryant indicates: "If I am supposed to have an attorney to do these things please appoint me one." *Id*. However, because Bryant's motion for retroactive application of the sentencing guidelines will be denied, his request for an attorney will be denied as moot. *See United States v. Black*, No. 94-117, 2008 WL 2901781, at *3 (E.D. Tenn. July 22, 2008) (denying motion for appointment of counsel as moot after the court denied the "defendant's Motion . . . Pursuant to 18 U.S.C. § 3582(c)").

### III

Accordingly, it is **ORDERED** that Bryant's motion for retroactive application of the FSA, ECF No. 282, is **DENIED**.

It is further **ORDERED** that Bryant's request for counsel, ECF No. 291, is **DENIED** as moot.

Dated: April 3, 2014                                          s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Demetress Bryant #41862039, Federal Correctional Institution Elkton, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on April 3, 2014.

                                                              s/Tracy A. Jacobs
                                                              TRACY A. JACOBS